GURNEY P. HOOD, Commissioner of Banks of the State of North Carolina, ex rel. THE UNITED BANK AND TRUST COMPANY; A. G. SMALL, Liquidating Agent of THE UNITED BANK AND TRUST COMPANY (W. P. DYER, Jr., Substituted for A. G. SMALL), and RECONSTRUCTION FINANCE CORPORATION, v. PROGRESSIVE STORES, INC., R. E. BOBBITT, R. T. HOWARD, and DEWEY H. COOPER.

(Filed 11 December, 1935.)

1. **Venue A d—Action on note held properly instituted in county of residence of liquidating agent of insolvent payee bank.**

An action on a note by the Commissioner of Banks and the liquidating agent of an insolvent bank, the payee of the note, and the Reconstruction Finance Corporation, the pledgee of the note, is properly brought in the county in which the insolvent bank is situate and of which the liquidating agent is a resident, and defendants' motion for change of venue to the county of their residence is properly refused. N. C. Code, 446, 469, 218 (c) (7).

2. **Bills and Notes H a—Under facts of this case, pledgor and pledgee of note held entitled to maintain joint suit against makers.**

In an action on a note executed to a bank, the liquidating agent of the payee bank and the Reconstruction Finance Corporation, to which the note had been pledged as collateral security, may jointly sue the makers of the note.

Appeal by defendants from *McElroy, J.,* at April Term, 1935, of Guilford. Affirmed.

This was a civil action, heard before his Honor, P. A. McElroy, judge, at the April Civil Term of Guilford Superior Court, 1935, upon a motion of the defendants for a change of venue.

In February, 1933, the United Bank and Trust Company, a North Carolina banking corporation, with its principal place of business in the city of Greensboro, Guilford County, North Carolina, closed its doors, and the management of the assets and affairs of the said bank was assumed, for the purpose of liquidation pursuant to the North Carolina banking laws, by Gurney P. Hood, Commissioner of Banks. At the time of the institution of this action, A. G. Small was the duly appointed, qualified, and acting liquidating agent of the said bank, and was a resident of Guilford County, North Carolina.

This suit was instituted upon a note executed by the defendants unto the United Bank and Trust Company in November, 1932, and by the said bank pledged to coplaintiff Reconstruction Finance Corporation as security for an indebtedness of the United Bank and Trust Company unto the said corporation, which said indebtedness at the time of the institution of this action exceeded the amount of the note involved in this suit.

Subsequent to the commencement of this action, W. P. Dyer, Jr., was duly substituted as party plaintiff in behalf of A. G. Small, the said Dyer having been duly appointed and having qualified as successor liquidating agent to the said Small. W. P. Dyer, Jr., was at the time of the substitution as party plaintiff, and is at the present time, a resident of Guilford County, North Carolina. Reconstruction Finance Corporation is a corporation created by the Congress of the United States, with its principal office in the city of Washington, D. C., and with its principal North Carolina office in the city of Charlotte, Mecklenburg County.

Under the facts as stated above, both the clerk of the Superior Court of Guilford County and subsequently the presiding judge were of the opinion that Guilford County was a proper venue for the trial of this cause, and, therefore, declined to grant the defendants' motion for change of venue to Lee County, North Carolina, where the defendants reside.

The defendants excepted and assigned error and appealed to the Supreme Court.

*Smith, Wharton & Hudgins for plaintiffs.*
*Gavin & Jackson for defendants.*

Per Curiam. N. C. Code, 1935 (Michie), section 446, in part, is as follows: "Every action must be prosecuted in the name of the real party in interest," etc.

Section 469: "In all other cases the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement; or if none of the defendants reside in the State, then in the county in which the plaintiffs, or any of them, reside; and if none of the parties reside in the State, then the action may be tried in any county which the plaintiff designates in his summons and complaint, subject to the power of the court to change the place of trial, in the cases provided by statute."

Section 218 (c) (7) is, in part: "Upon taking possession of the assets and business of any bank by the commissioner of banks, the commissioner of banks, or the duly appointed agent, is authorized to collect all moneys due such bank, and to do such other acts as are necessary to conserve its assets and property, and shall proceed to liquidate the affairs thereof, as hereinafter provided. The commissioner of banks, *or the duly appointed agent, shall collect all debts due and claims belonging to such bank, by suit, if necessary;"* etc. (Italics ours.)

The liquidating agent was a resident of Guilford County, N. C., and the statute, *supra,* gave him the right to institute the suit. The United Bank and Trust Company, when it closed its doors, was doing a banking business in Guilford County, and the liquidating agent *ex necessitate*

was there to close up the affairs of the insolvent bank. The pledge of defendants' note by United Bank and Trust Company as collateral to the Reconstruction Finance Corporation does not militate against the liquidating agent being a party plaintiff. We think, under the facts and circumstances of this case, the pledgor and pledgee are both interested in the action and necessary parties to it. The note in controversy was assigned as collateral to the Reconstruction Finance Corporation.

For the reasons given, the judgment of the court below is

Affirmed.